## Case No. 14,764.

UNITED STATES v. CERTAIN CASKS OF GLASS WARE.

[4 Law Rep. 36.]

District Court, S. D. New York.    March, 1841.

### EVIDENCE—PROOF OF FOREIGN LAWS.

Printed statute books of the parliament of Great Britain, purchased of the queen's printer, are admissible as prima facie evidence of the laws contained therein.

[Cited in The Pawashick, Case No. 10,851; Dundee Mortgage & Trust Inv. Co. v. Cooper. 26 Fed. 669.]

On the trial of this cause before BETTS, District Judge, and a jury, Mr. Hoffman, district attorney, offered to read in evidence printed acts of parliament, 5 & 6 Wm. IV., and 1 & 2 Vict., in relation to the exportation and drawback duty on glass, and called a witness who testified that he was in London in 1838, and went to the parliament printing house, to procure the said acts of parliament, but was referred to the queen's printer as the only one who could furnish them; that he accordingly went to the store of the queen's printer, and there purchased the acts in question.

Mr. Patterson, for claimants, objected to the admissibility of the statutes as evidence, contending that the district attorney must prove them by producing exemplifications under the great seal of England, authenticated by the secretary of state for foreign affairs or by a sworn copy compared with the rolls of parliament; and he cited several cases to that effect.

BETTS, District Judge. The ancient strictness of the rule respecting the proof of foreign laws has been much relaxed in England, and more so in the United States, of late years. The cases cited by the counsel show what the law has been on the subject, and also indicate some of the modifications of its former rigor, which have become incorporated in the modern practice; and it may be added, that in this state, until comparatively a recent period, not only was such strictness of proof exacted in respect to the laws of foreign nations, and of our sister states, as foreign laws, but even the statutes of our own legislature could not be read, of right, from the statute book. At this day, it is believed that in most of the states, and in the courts of the United States, the public laws are read from the printed statute books of the respective states, and such publications are accepted as at least prima facie evidence of the law. See Farmers' & Mechanics' Bank v. Ward [unreported]. I am not aware of any higher authority than a like usage and general acquiescence in it, for reading the acts of congress in this court from the statute book, nor why, if the rule adverted to is to be administered as it was formerly laid down, the district attorney should not be driven to produce exemplifications of every statute of congress offered in evidence here. In whatever terms the rule may be sometimes expressed, it seems to me, such cannot be its spirit; and if executed according to the letter, clearly the highest or best evidence would not be an exemplification under a foreign seal, but the oath of the king himself, perhaps, who sanctioned the law, or of the public functionaries who were present when it was enacted or passed through all the forms rendering it completely a law. The cases speak of foreign laws as facts to be proved by the best evidence; but certainly the spirit of the cases, particularly in the courts of the United States, regard the promulgation or publication of the foreign laws as the fact to be proved, and not the formula of their enactment or registration. It is no less the law if the law-giver declares it by proclamation or insertion in a newspaper, than if inserted in the roll of the tower, and accordingly it would seem that the only essential matter to be proved, is, whether it has been published and promulged as the law of the country. The fact of publication may be proved by evidence competent to establish any other fact in pais. The act being that of a sovereign, does not necessarily demand a different order of proof, than if it was the declaration or ratification of a private person. In this point of view, I think the evidence is admissible. But in my opinion, foreign statutes in relation to the navigation, exports and imports of the country may be read in evidence as history of its policy, and upon the same principle that its annals are read to prove changes of succession, changes of dynasty, or other political events, and facts of a public and notorious character. If the offer of the proof rested upon the statutes only, I should receive it as sufficient prima facie evidence, because, if the rule in this behalf is yet unsettled and dubious, it is time that the highest tribunal of this land should declare and determine it. And I may add, I should regret to see the United States behind England in recognising and administering this rule of evidence, upon liberal and philosophical principles, and that whilst the public laws of this country are read there, in the first instance, without question, we should exclude from our courts like proof of the laws of England.